Rufus EDMONDSON, d/b/a RUFUS EDMONDSON
MOTORS *v.* Daniel A. HARRIS, by his father,
Wayne HARRIS

74-24                                          510 S.W. 2d 290

Opinion delivered June 17, 1974

*Laser, Sharp, Haley, Young & Boswell, P.A.*, for appellant.

*Joe Purcell*, for appellee.

J. FRED JONES, Justice. Rufus Edmondson owned a Honda motorcycle agency in Benton, Arkansas, and was in the business of selling and repairing motorcycles. Wayne Harris had purchased a Honda motorcycle from Edmondson and returned it to Edmondson for repairs. The motorcycle was stolen from Edmondson's locked building during a burglary over the weekend. Harris sued Edmondson for the value of the motorcycle, the case was tried by the circuit judge sitting as a jury and judgment was rendered for Harris in the amount of $1,580.

On appeal to this court Edmondson contends that there was no substantial evidence to support the judgment of the trial court, but we are of the opinion there was.

The facts appear to be as follows: On March 30, 1973, Harris delivered a 1972 Honda motorcycle to Edmondson's place of business for repairs. Edmondson kept the motorcycle over the weekend and locked it inside his building along with other new and used vehicles. Edmondson left the ignition key in the switch on the motorcycle and during the weekend his place was burglarized and the motorcycle, which weighed about 700 pounds, was stolen. The evidence indicated that a window was broken to gain entry to the building; that a door was then unlocked from the inside and the motorcycle rolled from the building.

It is quite true, as pointed out by the appellant, that some state courts have held the mere leaving of an ignition key in a vehicle inside a locked garage is not such evidence of negligence as should be considered by a jury, but in the case at bar the one motorcycle key was designed for and served two purposes. One was for the regular ignition switch and the other was to lock the front wheel of the vehicle in a turned position where it could only be pushed or ridden in a circle.

Mr. Edmondson testified that the front fork on the motorcycle had been extended and unless the lock had been reinstated it could not have been locked. He said he did not examine the motorcycle and does not know whether the motorcycle could be locked.

Mr. Harris testified that when the key was removed from the Honda, it remained in a locked position with the front wheel at an angle. He said that had the key been removed from the switch, it would have been impossible to roll or ride the Honda from the premises, and that it would have taken six or seven men to remove it from the premises.

We are of the opinion that when the evidence is viewed in the light most favorable to the trial court's finding, there was substantial evidence to sustain the judgment of the trial court, and that the judgment must be affirmed.

Affirmed.